(Court of Appeal, Parish of Orleans.)

## LAURENCE W. STEVENSON vs. THOS. L. HARRIS.

A. M. Buchmann for plaintiff and appellee.

J. C. Hollingsworth curator **ad hoc.**

A. J. Rossi attorney.

Dinkelspiel, Hart & Davey attorneys.

Arthur Landry for appellant.

ST. PAUL, J.—Plaintiff was surety for one Vezie on a building contract entered into between said Vezie as contractor and defendant as owner. Vezie being about to default on his contract verbally assigned the same to plaintiff in the presence of defendant, who took notice thereof, and thereafter acted for a while on said notice. Thereafter Vezie confirmed his verbal assignment by a written one, which was shown by plaintiff to defendant. Still later a more formal assignment was executed, though it is not shown that defendant was ever notified thereof before suit was filed.

Thereafter defendant having refused to pay (for reasons presently immaterial), plaintiff brought suit on the claim as assignee of said Vezie. Defendant answered denying that he owed plaintiff anything, but admitting that he was indebted to Vezie in the sum of $1,509.33, which

amount he prayed leave to deposit in the registry of the court, and he prayed plaintiff's demand be rejected. (Sic.)

Thereupon appellant herein, Mrs. Laura Pellerin, a judgment creditor of Vezie, caused an execution to issue, and, in satisfaction thereof, seized part of said deposit.

Plaintiff then took a rule on all parties to show cause why the whole of said deposit should not be paid to him, which rule was made absolute. Vezie confessed judgment on said rule, and defendant neither answered thereto, nor does he now appeal.

Mrs. Pellerin filed exceptions to the rule, and when these were overruled, went into a trial on the merits. Her exceptions were: 1. No cause of action; 2. Objection to the form of proceeding.

These exceptions were properly overruled. A cause of action was clearly shown. Plaintiff claimed that he was entitled to the fund deposited by defendant and prayed to be allowed to withdraw it. We cannot conceive how a better cause of action could exist or be stated more clearly. Nor was the objection to the form of proceeding well founded. The fund being on deposit in the registry of the court, could be withdrawn by no one without permission of the Court; whether such permission should be given, and to whom, was an "incidental question arising in the course of the trial," and properly disposed of summarily. Moreover, appellant, by seizing the fund thereby made herself a party to the suit **quoad** said fund, and became in effect an intervenor therein without right to object to any form of proceeding not objected to by the other parties to the suit.

### Code of Practice, Art. 391.

On the merits the case is with plaintiff. Our statement of the case shows that the claim was assigned to plaintiff by three several assignments, two of which were notified

to defendant before suit was filed. But the very filing of suit by plaintiff and his claiming the debt as assignee of Vezie, was itself the most formal notice that could possibly be addressed to defendant. Service of petition and citation was, therefore, sufficient to complete the assignment even if no other notice had ever been given to defendant.

These assignments are not attacked as fraudulent, and they vest title to the claim in plaintiff. The several notices to the defendant having all preceded the seizure levied by appellant, plaintiff is fully protected.

The judgment appealed from is correct and it is, therefore affirmed.